**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2005[*]
Decided July 18, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 03-4302

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>CIRENIO C. RODRIGUEZ,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 CR 303<br><br>James F. Holderman,<br>*Judge.* |

**O R D E R**

Cirenio Rodriguez, a citizen of Mexico, was removed from the United States in 2000 after being convicted of attempted arson in 1992, theft in 1994, and possession of a firearm by a felon and aggravated battery in 1998. He returned to the United States without the permission of the Attorney General, and eventually was arrested in Illinois for possession of a firearm by a felon. A grand jury indicted him in 2003

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

on two counts of possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1), and one count of being present in the United States without permission after being deported following conviction for an aggravated felony, *see* 8 U.S.C. § 1326(a), (b)(2). He pleaded guilty to the immigration charge pursuant to a written plea agreement that waived his right to appeal his conviction or sentence in exchange for concessions by the government.

Despite that waiver Rodriguez appeals, arguing that the district court erred by sentencing him under the formerly mandatory guidelines regime, *see United States v. Booker*, 125 S. Ct. 738 (2005), and contending that a limited remand is warranted under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). We cannot reach that issue, however, because his appeal waiver is enforceable. Nothing in Rodriguez's plea agreement provides an "escape hatch" enabling him to appeal if the law changed to his benefit, and, as we recently held, *Booker* does not invalidate the parties' bargain where there is no such express provision. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Our opinion in *United States v. Loutos*, 383 F.3d 615 (7th Cir. 2004), which does not discuss the effect of the appeal waiver in that case, cannot be read as inconsistent with *Bownes*.

Rodriguez's appeal is DISMISSED.